IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-01065-BNB

DAVID ISBERG,

        Plaintiff,

v.

JOE CAROCHE, Dir. CDOC, and
STEVE QUINN, The Attorney General of the State of Colorado, and
TARA GREGORY, Oncologist at St. Luke's Hospital in Denver,

        Defendants.

_____

ORDER OF DISMISSAL
_____

        Plaintiff, David Isberg, is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the Reception and Diagnostic Center in

Denver, Colorado.  Plaintiff, acting *pro se*, initiated this action by submitting an

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a Prisoner's

Motion and Affidavit for Leave to Proceed Pursuant to 238 U.S.C. § 1915 in a Habeas

Corpus Action.  In an order entered on April 23, 2013, Magistrate Judge Boyd N. Boland

found the claims Plaintiff raises involve inadequate medical treatment and are more

properly raised in an action filed pursuant to 42 U.S.C. § 1983.  Magistrate Judge

Boland also directed Mr. Isberg to cure certain deficiencies if he wished to pursue his

claims.

        Specifically, Plaintiff was directed to file his claims on a Court-approved Prisoner

Complaint form and to submit a 28 U.S.C. § 1915 motion (Revised 10/1/12) that is used

when filing prisoner complaints.  Plaintiff also was directed to submit a certified trust

fund account statement.  The Court warned Plaintiff that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On May 6, 2013, Plaintiff submitted a request to pay all fees up front and stated that he had included a $300 money order with the request.  Plaintiff also stated in the May 6 filing that he had included a new complaint.  Subsequently, on May 15, 2013, Plaintiff filed a Request for More Time.  In the May 15 Request, Plaintiff indicated that he was still constructing the complaint and intended to pay the cost of the lawsuit immediately.  On May 16, 2013, Magistrate Judge Boland entered a Minute Order and informed Plaintiff that the Court had not received a $300 money order or a prisoner complaint.  The Court also informed Plaintiff that if he desires not to proceed pursuant to 28 U.S.C. § 1915 and to pay the filing fee in full up front the fee is $400.  In the Minute Order, Magistrate Judge Boland granted Plaintiff a thirty-day extension of time to comply with the April 23 Order to Cure Deficiencies.

On May 31, 2013, Plaintiff filed a Prisoner Complaint and a Motion to Add Defendant to Civil Lawsuit on June 3, 2013.  Nonetheless, the Financial Services Division of the Clerk's Office has confirmed that Plaintiff has not paid the filing fee as of June 24, 2013.  As a result, Plaintiff has failed to cure all deficiencies within the time allowed.  Therefore, the action will be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice

pursuant to Fed. R. Civ. P. 41(b) for failure to cure all deficiencies and for failure to

prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  25th  day of   June       , 2013.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

3