IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01065-LTB

DAVID ISBERG,

    Plaintiff,

v.

JOE CAROCHE, Dir. CDOC,
STEVE QUINN, The Attorney General of the State of Colorado, and
TARA GREGORY, Oncologist at St. Luke's Hospital in Denver,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff David Isberg, acting *pro se*, has filed a pleading titled, "Motion to Serve Process Via U.S. Marshall [sic]." In the Motion, Plaintiff asks that the Court reopen this case because he paid $300 in good faith to proceed but has been in the hospital undergoing chemotherapy and not able to pursue his claims. The Court must construe the motion liberally because Mr. Isberg is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court, therefore, will construe the Motion as a Motion to Reconsider filed pursuant to Rule 59(e), because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Mr. Isberg initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. On April 23, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Isberg to cure certain deficiencies if he wished to pursue his claims in this action. Specifically, Magistrate Judge Boland construed the action as more properly filed pursuant to 42 U.S.C. § 1983 and directed Mr. Isberg to file his claims on a Court-approved form used in filing prisoner complaints. Magistrate Judge Boland also directed Mr. Isberg to file his request to proceed *in forma pauperis* on a proper Court-approved form and to submit a certified account. Mr. Isberg was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On May 6, 2013, Mr. Isberg submitted a request to pay all fees up front and

stated that he had included a $300 money order with the request. Mr. Isberg also stated in the May 6 filing that he had included a new complaint. However, neither a money order nor a new complaint were included. Subsequently, on May 15, 2013, Mr. Isberg filed a Request for More Time. In the May 15 Request, Mr. Isberg indicated that he was still constructing the complaint and intended to pay the cost of the lawsuit immediately. On May 16, 2013, Magistrate Judge Boland entered a Minute Order and informed Mr. Isberg that the Court had not received a $300 money order or a prisoner complaint. The Court also informed Mr. Isberg that if he to pay the filing fee in full up front the fee is $400. In the Minute Order, Magistrate Judge Boland granted Mr. Isberg a thirty-day extension of time to comply with the April 23 Order to Cure Deficiencies. Mr. Isberg filed a Prisoner Complaint on May 31, 2013, and a Motion to Add Defendant to Civil Lawsuit on June 3, 2013. Nonetheless, the Financial Services Division of the Clerk's Office confirmed that Mr. Isberg had not paid the filing fee, and the Court dismissed the action for failure to cure all deficiencies within the time allowed.

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Mr. Isberg fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Isberg has not paid the filing fee in full or in the alternative sought to proceed pursuant to 28 U.S.C. § 1915.

For these reasons, the Motion to Reconsider will be denied. Mr. Isberg is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Isberg wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the Motion to Serve Process Via U.S. Marshal, ECF No. 12, is

construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is DENIED.

DATED at Denver, Colorado, this 5th day of August, 2013.

BY THE COURT:

s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court